No. 11,772.

STATE EX REL. SCOOLER VS. THE COURT OF APPEALS.

An intervenor claiming property seized under the writ of provisional seizure, and releasing the property under a bond to produce it, if decreed liable to the seizing creditor, is entitled to appeal to the Circuit Court of Appeals from the judgment of the District Court against him for an amount within the jurisdiction of the Court of Appeals, rendered on a rule to distribute proceeds to which he makes no claim and derived from the sheriff's sale of property other than that claimed by him; in such case the test of jurisdiction on the appeal is not the amount of the proceeds, but the amount of the judgment against the intervenor. Constitution, Article 95, as amended by constitutional amendment of 1882; Revised Statutes Sec. 2914; Jennings vs. McConnico, 25 An. 651.

APPLICATION for writ of *Mandamus* and *Certiorari.*

*Benjamin Rice Forman* for Relator.

*Dinkelspiel & Hart* for Respondents.

Submitted on briefs March 25, 1895.
Decided April 8, 1895.

ON APPLICATION FOR WRITS OF MANDAMUS AND CERTIORARI.

The opinion of the court was delivered by

MILLER, J. In a suit for rent against the Athletic Club the effects in the leased premises were seized under a provisional seizure. The relator, Scooler, intervened, claiming some of the property, which was delivered to him on his forthcoming bond. Judgment was recovered by the lessor in his suit for the rent. There was another seizure of the property on the leased premises by an ordinary creditor. The sale by the sheriff, under the writs, produced a fund for distribution, and a rule was taken to distribute that fund. The relator accepted service of the rule, but intervening only to claim

FORTY-SEVENTH ANNUAL REPORTS, 1895.    741

State ex rel. Scooler vs. Court of Appeals.

his property and holding it under the forthcoming bond, conceived he had no interest whatever in the fund and gave the rule no further attention. On that rule the fund was distributed, and the court also gave judgment against the relator for two hundred and seventeen dollars on the theory, we suppose, he was liable on his bond, and the court was proceeding to enforce payment of the judgment by a rule for contempt. In this condition the relator took an appeal from the money judgment on the rule, and conceiving he was entitled to have his intervention tried in the rent suit, in which it was filed, he also appealed from the judgment in favor of the lessor, rendered without disposing of the intervention. When these appeals reached the Court of Appeals they were dismissed, because, in the view of that court, the fund distributed fixed the jurisdiction, and that fund exceeded two thousand dollars, the limit of the jurisdiction of this court.

An intervenor who releases, under a forthcoming bond, property claimed by him, is not to be viewed as a party claiming a share in the funds derived from the sheriff sale of the property in the leased premises. The amount of this fund is not the test of jurisdiction, applicable to an appeal by the intervenor from a money judgment rendered against him. The test is the amount of that judgment. The intervenor appears only to assert a claim of ownership, and to maintain that the property he claims is not subject to the lessor's claim. Revised Statutes, Sec. 2914; Jennings vs. McConnico, 25 An. 651. It would be, perhaps, going beyond the issue to be determined on this application to say more than that he is entitled to have the issue tried. Whether it has ever been tried is for the Court of Appeals to determine. The judgment against the intervenor, it seems, was rendered on a rule to distribute funds in the sheriff's hands. Nor are we called on for any conclusion as to the asserted liability for the lessor's demand of the property held by the intervenor. The Code will doubtless be found ample to determine that which, with other issues, we remit to the Court of Appeals. All that the case requires is the determination that a money judgment against the relator for two hundred and seventeen dollars, and that of the lessor against his tenant for one thousand dollars, are each within the appellate jurisdiction of the Court of Appeals, not excluded because of the amount of a fund to which the relator asserted no claim. Constitution, Art. 95, as amended.

Act No. 125, 1882; Code of Practice, Arts. 829, 837; Matranga vs. Judge, 42 An. 1088.

The relator also appealed from the judgment of the Civil District Court in favor of the landlord. It is presumed the appeal from the money judgment against him will serve all purposes.

It is therefore ordered, adjudged and decreed that the rule *nisi* be made absolute, and a writ of *mandamus* issue commanding the Court of Appeals to hear and determine the appeal of the relator from the judgment against him of the Civil District Court.